UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES E. HEBERT,<br><br>              Petitioner,<br><br>v.<br><br>ISCI WARDEN JOHANNA SMITH,<br><br>              Respondent. | Case No. 1:09-CV-324-LMB<br><br>**MEMORANDUM DECISION AND ORDER** |

      Pending before the Court in this habeas corpus action is a Motion for Partial Summary Dismissal filed by Respondent Johanna Smith ("Respondent"). (Dkt. 16.) Petitioner James E. Hebert ("Petitioner") requested two additional extensions of time in which to file his Response. (Dkt. 18 & 23.) Good cause appearing, those motions are granted, and Petitioner's Response is considered timely filed.

      The Motion for Partial Summary Dismissal is now fully briefed and ripe for adjudication. Both parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. (Dkt. 9 & 12.) *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

      The Court has considered the parties' arguments contained in the briefing, and has reviewed the record in this matter, including the portions of the state court record

**MEMORANDUM DECISION AND ORDER- 1**

provided by the parties. Oral argument is unnecessary. Accordingly, the following Order is entered, granting part and denying in part the Motion for Partial Summary Dismissal. The Court also dismisses other claims and sub-issues pursuant to its authority under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases, because it is clear from the face of the state court record that the claims or sub-issues are procedurally defaulted. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

## BACKGROUND

In August 2002, Petitioner was charged with lewd conduct with a minor under sixteen, involving his teenaged step-daughter, S.E. (State's Lodging A-1, pp. 17-18.) In October 2002, Petitioner was charged with sexual battery of a minor child under sixteen with the same victim. (A-1, pp. 28-29.) The cases were consolidated for jury trial in the Second Judicial District Court, Clearwater County, Idaho.

Petitioner was represented by a series of three attorneys during the case: Charles Kovis, Duane Golden, and Jack Hathaway. Mr. Hathaway represented Petitioner at trial. A jury convicted Petitioner of both charges. The trial court then sentenced Petitioner to thirty years fixed with ten indeterminate for the lewd conduct crime, and ten years indeterminate for the sexual battery crime, to be served consecutively. (A-1, pp. 165-67.)

Petitioner filed a direct appeal, raising the issue of whether the trial court erred by denying his motion in limine to exclude testimony regarding uncharged sexual contact between him and the victim. The Idaho Court of Appeals affirmed the conviction, concluding that the evidence was properly admitted under the Idaho Rules of Evidence

and that a limiting instruction was properly given. Petitioner filed a petition for review before the Supreme Court of Idaho, which was denied on June 28, 2005, with the remittitur issuing the same day. (B-1 through B-9.)

Petitioner then filed a pro se petition for post-conviction relief, raising twenty-two claims and requesting appointment of counsel. (C-1, pp. 1-13.) Petitioner's appointed counsel filed a motion to amend the petition, which was granted. (C-1, pp. 25-27 & 28.) An amended petition was not filed, but the claims to be presented are set forth in the motion to amend and a pretrial brief that focused on a reduced number of claims. (C-1, pp. 25-27.) Pursuant to the parties' stipulation, the state district court entered a pretrial order ("stipulated order") outlining Petitioner's claims as follows: (1) ineffective assistance of *trial* counsel for (a) failing to object to the court granting seven rather than ten peremptory challenges during jury selection, (b) failing to file a motion to dismiss on speedy trial grounds under the Constitution and statute, (c) failing to spend sufficient trial preparation time with Petitioner, and (d) failing to object to the trial judge entering the jury room on two occasions; and (2) ineffective assistance of *appellate* counsel for failing to challenge (a) the length of Petitioner's sentence, (b) the seven peremptory challenge limit, and (c) the speedy trial issue. (C-1, pp. 41-42.) The trial court held an evidentiary hearing, and thereafter relief was denied.

On appeal, Petitioner's appointed conflict counsel, Dennis Benjamin, withdrew from the case because he believed there was only one appealable issue, and Petitioner wished to present additional issues. (D-1 to D-3.) Petitioner then proceeded pro se and

**MEMORANDUM DECISION AND ORDER- 3**

filed a brief addressing twenty-two issues. (D-5.) The Idaho Court of Appeals affirmed denial of post-conviction relief, addressing some claims on the merits in detail, and addressing or refusing to address others for lack of merit or on procedural grounds in a more conclusory manner. (D-8.) Petitioner filed a pro se petition for review, which the Supreme Court of Idaho denied. (D-9 & D-10.)

**RESPONDENT'S MOTION FOR PARTIAL SUMMARY DISMISSAL**

Respondent argues that the following claims are procedurally defaulted and therefore subject to dismissal: Claim One; Claim Two; Claim Three, with the exception of the two sub-parts addressing investigation of defense witnesses; and Claim Four with the exception of the portion involving the trial judge entering the jury room.

**A.     Standard of Law Governing Summary Dismissal and Procedural Default**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in a light most favorable to the petitioner. In considering dismissal, it is appropriate for the Court to take judicial notice of court dockets from state court proceedings. Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court

**MEMORANDUM DECISION AND ORDER- 4**

for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not *properly* exhausted, if a petitioner failed to pursue a federal claim in state court and there are no remedies now available. *O'Sullivan*, 526 U.S. at 848. A claim may also be considered exhausted, though not properly exhausted, if a petitioner pursued a federal claim in state court, but the state court rejected the claim on an independent and adequate state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991). Under these circumstances, the claim is considered "procedurally defaulted." *Coleman,* 501 U.S. at 731.

B.  **Discussion of Procedural Default**

This Court finds, and thus concludes, that several of Petitioner's claims are procedurally defaulted, meaning that they were not fairly presented at each level of the Idaho state court system. Several of these procedural defaults result from the fact that Petitioner requested, and was granted, counsel in the post-conviction review matter, who then employed a strategy that limited the claims presented. Petitioner originally filed a pro se petition raising twenty-two issues. As memorialized in the stipulated order, Petitioner's counsel appropriately narrowed the claims to be addressed at the evidentiary hearing to four ineffective assistance of trial counsel claims and three ineffective assistance of appellate counsel claims. At the level of the state district court, Petitioner

**MEMORANDUM DECISION AND ORDER- 5**

acquiesced to this particular presentation of claims and he did not file an objection with the state district court. As a result, Petitioner is bound by the claims reasonably chosen by his post-conviction counsel.

Petitioner took a different approach before the Idaho Court of Appeals. He was unhappy with the claims selected for appeal by his counsel, and thus his counsel withdrew. As a result of that withdrawal of counsel, Petitioner filed his appellate brief pro se. Therein, he tried to raise some of his original claims that had been "amended out" of the petition by his counsel. However, because they had not been argued to and addressed by the state district court as a result of Petitioner's decision to proceed through counsel, the claims were not properly brought before, or addressed by, the Idaho Court of Appeals.

Other courts, facing similar circumstances where counsel and client do not agree on the claims to be presented to the state courts, have issued well-reasoned opinions addressing how that later affects whether the claims are procedurally defaulted on federal habeas corpus review. To *fairly present* claims in a circumstance where the petitioner disagrees with counsel's narrowing of claims, a petitioner must take steps on his own, such as seeking leave of court to introduce a supplemental pro se filing containing the additional claims counsel refused to present. *See Custer v. Hill*, 378 F.3d 968 (9th Cir. 2004) (relying on *Clemmons v. Delo*, 124 F.3d 944 (8th Cir. 1997) (petitioner did not take steps to present his supplemental claims at every level of the state court); *Holloway v. Horn*, 355 F.3d 707, 715-16 (3d Cir. 2004) (pro se brief, which was supplemental to brief

**MEMORANDUM DECISION AND ORDER- 6**

filed by counsel, fairly presented a claim to the state court); *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir 1997) ("A petitioner may satisfy the exhaustion requirement by presenting his federal claim in a pro se supplemental brief, even if he has an attorney."); *McBride v. Estelle*, 507 F.2d 903, 904 (5th Cir. 1975) (a petitioner's filing of a supplemental pro se brief in addition to the opening brief filed by counsel satisfied § 2254's "presentation" requirement, but affirming dismissal on other grounds); *Reeves v. Belleque*, 2010 WL 3418121 (D.Or. 2010).

Against this backdrop of the applicable law, each claim Respondent argues is procedurally defaulted will now be addressed in detail.

1. **Claim One: First Amendment**

In Claim One, Petitioner argues that he was denied the First Amendment right to access the courts or redress his grievances because his attorney did not act as Petitioner directed his counsel to do during state criminal proceedings. A review of the state court record shows that Petitioner did not include a First Amendment claim in his post-conviction petition, but relied on the Sixth and Fourteenth Amendments. (State's Lodging C-1, pp. 1-11.) His counsel did not include it in the motion to amend, nor was it included in the stipulated order outlining the narrow claims to be presented at the evidentiary hearing. (C-1, pp. 29-37 & 40-46.)

On post-conviction appeal, Petitioner for the first time referenced the First Amendment and the right to petition the government for redress of grievances in the context of his argument that his trial counsel was his only "voice" at trial, and counsel

**MEMORANDUM DECISION AND ORDER- 7**

refused to "use that voice," thus denying Petitioner effective assistance of counsel. (D-9, p. 49.) The Idaho Court of Appeals summarily and collectively denied all of those claims contained in Petitioner's appellate brief that were unsupported "by argument and authority" or not "properly preserved for appellate review." (D-8, p. 3.) Petitioner then vaguely referenced the First Amendment in the petition for review before the Supreme Court of Idaho. (D-9, p. 4.)

Clearly, Petitioner did not complete "one full round" of state court review because the First Amendment claim was not fairly presented to the state district court for consideration at the evidentiary hearing. This state procedural bar–that claims cannot be considered for the first time on appeal– is adequate and independent. *See Row v. State*, 21 P.3d 895, 902 (Idaho 2001).[1] Accordingly, Claim One is procedurally defaulted.

### 2. Claim Two: Due Process (Not Bound Over for Trial)

Petitioner's second claim is that he was denied due process when his attorney failed to ensure that Petitioner was properly bound over for trial in one of his two cases. This claim was presented in the original pro se post-conviction petition. (C-1, p. 5.) It was *not* presented as a claim in the stipulated order to be heard at the evidentiary hearing in the state district court. (C-1, pp. 25-46.) It was presented in the brief before the Idaho

---

[1] In *Row*, the Supreme Court of Idaho stated:
"The longstanding rule of this Court is that we will not consider issues that are raised for the first time on appeal. *State v. Fodge*, 824 P.2d 123 (1992). The exception to this rule is that constitutional issues may be considered for the first time on appeal if such consideration is necessary for subsequent proceedings in the case. *Id.*

**MEMORANDUM DECISION AND ORDER- 8**

Court of Appeals. (D-5, p. 4.) It was also presented in the petition for review before the Supreme Court of Idaho. (D-9, p.7.)

While Plaintiff originally included this claim in his post-conviction petition, his counsel amended it out, and it was not among the claims that the parties stipulated would be heard. Therefore, the state district court did not address the claim in its opinion denying post-conviction relief. (C-1, pp. 114-141.) Because it was not addressed by the district court–as a result of the stipulation of the parties–it could not properly be brought on appeal for the first time. As a result, Claim Two is also procedurally defaulted.

### 3. Claim Three: Ineffective Assistance of Trial Counsel

Claim Three is an ineffective assistance of trial counsel claim, consisting of various sub-issues. Based on the analysis set forth above, only the claims that were presented in the stipulated order to the state district court can be heard here, so long as they were also presented to the Idaho Court of Appeals and the Supreme Court of Idaho. Petitioner presents ten un-numbered claims in his Petition (Dkt. 3, p. 3), which Respondent has designated "sub-issues Three (1) through (10)." Respondent has also designated the seven ineffective assistance of counsel issues presented by Petitioner's counsel on post-conviction review as 1(a) through (d) (trial counsel), and 2(a) through (c) (appellate counsel). In this Order, these sets of numbers will be used to discuss the subissues presented here and presented in the post-conviction matter, respectively.

### (a) Sub-Issues (3) and (9)

Claim Three sub-issues (3) (refusing to conduct proper voir dire and refusing to excuse four jurors) and (9) (refusing to remove four jurors) correspond to post-conviction Claim (1)(a), ineffective assistance of trial counsel for failing to object to the court granting seven rather than ten peremptory challenges during jury selection. These issues were brought in the motion to amend and stipulated order, and were discussed by the state district court as to Juror Michelle Curtis in its Order denying post-conviction relief (C-1, pp. 137-38.) Petitioner's post-trial brief focused only on Michelle Curtis. (C-1, p. 60-61.)

Petitioner's brief before the Idaho Court of Appeals expanded the juror claim as follows: (1) juror misconduct alleging that Michelle Curtis lied and said she never knew Petitioner; (2) Michelle Curtis was the wife of the arresting officer; (3) two jury members knew the investigating officer/state's witness Becky Drewery; and (4) Deputy Rick Fuentes' girlfriend was on the jury and had a personal conflict with Petitioner. (D-5, p. 7.)

The Idaho Court of Appeals reviewed and addressed the peremptory challenges claim in its opinion in the same manner as the issue it had been addressed by the state district court–focusing only on Michelle Curtis. (D-8, pp. 8-9.) Petitioner raised this issue in his petition for review under his title, "The Failure to Strike Jurors," again expanding the issue to jurors other than Michelle Curtis (D-9, pp. 10-12.)

Here, Respondent argues that Petitioner's expansion of the number of jurors in his claim from the beginning of his post-conviction case to the end is impermissible because the lower court did not have the opportunity to hear the claim in that manner. This Court

**MEMORANDUM DECISION AND ORDER- 10**

agrees. Petitioner has properly exhausted a claim that counsel was ineffective for not striking Michelle Curtis, wife of the arresting officer, and for not objecting to the reduced number of peremptory challenges. However, because Petitioner did not present challenges to any other juror to the state post-conviction court, Claim Three (3) and (9) are procedurally defaulted as to all jurors except Michelle Curtis.

### (b) Sub-Issues (1), (2), (5), (6), (7), (8), and (10)

Petitioner brought a claim that his counsel failed to spend sufficient trial preparation time with Petitioner in the motion to amend and stipulated order (Claim 1(c)). The state district court decided this issue. (C-1, pp. 139-144.) The Idaho Court of Appeals characterized this claim as "failing to call witness, . . failing to challenge certain evidence, produce certain evidence, and spend time with Hebert preparing for the case." (D-8, p. 9.) Petitioner briefed this issue at length in his Supreme Court of Idaho petition for review. (D-9.)

Based on the foregoing, the Court concludes that the following claims brought in his federal Habeas Corpus Petition correspond to the properly exhausted claims: Three (1) refusing to subpoena witnesses, (2) refusing to present evidence, (5) refusing to object when the state allegedly presented perjured testimony, (6) refusing to use prior inconsistent statements, (7) refusing to prepare for trial by not interviewing and subpoenaing witnesses, (8) refusing to put on "any type of defense" or using "justification" as a defense, and (10) refusing to argue Petitioner was married to the victim. (See Dkt. 3, p. 3.) These claims have been liberally construed because of

**MEMORANDUM DECISION AND ORDER- 11**

Petitioner's pro se status, but they will not be heard in an expanded manner here. For example, Petitioner argues that counsel failed to present "any kind of defense," but the record is clear that counsel presented some type of defense, and, therefore, that claim will be construed only in the context of the assertion that counsel failed to sufficiently prepare for trial in the particular ways set forth by the Idaho Court of Appeals (that court having refused to address sub-issues not presented to the state district court). (See D-8, p. 9.)

### (c)  Sub-Issue (4)

On post-conviction review, Petitioner brought the claim that counsel was ineffective for failing to object to the trial judge entering the jury room on two occasions. The state district court considered this claim as a "judicial conduct" claim rather than an ineffective assistance claim. (C-1, pp. 126-27.) Petitioner presented it as a due process judicial misconduct claim in his appellate brief. (D-5, p. 5.) The Idaho Court of Appeals likewise construed the claim as one that "the district court violated Petitioner's right to due process by entering the jury room," even though the issue presented to the state district court had been that counsel was ineffective for failing to object to the judge's action. Petitioner presented the claim as one of "judicial misconduct" in his petition for review. (D-9, pp. 16-17.) Therefore, this claim, construed as one of judicial misconduct under the Due Process Clause, is properly exhausted, while the claim that trial counsel was ineffective under the Sixth Amendment for not raising the alleged judicial misconduct issue is procedurally defaulted because Petitioner failed to present it as such to the appellate courts.

**MEMORANDUM DECISION AND ORDER- 12**

### 4. Claim Four: Ineffective Assistance of Trial Counsel, Continued

In this Claim, Petitioner repeats in narrative fashion some of the same ineffective assistance of trial counsel sub-issues from Claim Three(1) through (10) above, and also repeats some of the same sub-issues in separately-numbered paragraphs, Claim Four(5) through (16).[2] For the reasons set for the above, Petitioner may proceed on Claims Four (5) (failure to investigate documents and defenses), (6) (refusal to send Petitioner status of discovery), (7) failure to meet with Petitioner, (8) refusal to call or question witnesses, (9) failure to discuss State's evidence with Petitioner, (11) failure to pursue impotency defense, and (13) failure to impeach witness with prior inconsistent statements, to the extent that these were presented to the Idaho Court of Appeals as grounds for the ineffective assistance of trial counsel trial preparation claims.

Claim Four (10), failure to file pretrial motions and waiver of preliminary examination, corresponds to Claim Two, procedurally defaulted above, and, for the same reasons, Petitioner cannot proceed on this sub-issue.

Claims Four (12) and (14), regarding voir dire and juror bias, correspond to Claim Three (3) and (9), and Petitioner may proceed only as to juror Michelle Curtis, as set forth above.

---

[2] It is unclear whether Petitioner intended to include in his Petition claims numbered Four (or possibly Five) (1) through (4). If so, Petitioner may file a motion to supplement his Petition.

**MEMORANDUM DECISION AND ORDER- 13**

### 5. Claim Four (15) & (16): Due Process Violation–Judicial Misconduct

Claim Four (15) is that the trial court violated Petitioner's due process rights when the court ordered new counsel to proceed to trial without being familiar with the law and facts of the case. This claim was not presented in the motion to amend or the stipulated order at the district court level, and thus it is procedurally defaulted and cannot be heard here.

Claim Four (16) is that the trial judge wrongly entered the jury room, the same claim as Three (4), and Petitioner can proceed on this as a due process claim, as discussed above.

### 6. Claim Four (17) to (20): Ineffective Assistance of Appellate Counsel

Petitioner's claims of ineffective appellate counsel assistance are somewhat vague, but they appear to correspond to the following claims in the stipulated order before the state district court: ineffective assistance of appellate counsel for (a) failing to challenge the length of Petitioner's sentence; (b) failing to challenge the seven peremptory challenge limit; and (c) failing to bring the speedy trial issue. The Idaho Court of Appeals addressed those claims. (D-8, pp. 11-12.) In the petition for review, Petitioner brought a somewhat vague claim that appellate counsel's assertion of only the motion in limine claim on direct appeal amounted to having no counsel at all. (D-9, pp. 14-15.) However, because the claim was addressed so narrowly by the Idaho Court of Appeals (three sub-issues only), and Petitioner was (and is) proceeding pro se, this Court will liberally construe his effort at exhaustion of this issue and permit him to proceed here on the

**MEMORANDUM DECISION AND ORDER- 14**

ineffective assistance of appellate counsel on only the three issues addressed by the Idaho Court of Appeals.

### 7. Claim Four: Equal Protection and Due Process

Petitioner did not raise an equal protection claim or due process claim (other than the judicial misconduct entering-the-jury-room claim) in the stipulated order, and the state district court did not address any such claims. The Idaho Court of Appeals did not address any such claim, and specifically noted that claims not properly preserved for appeal would not be specifically addressed in the opinion. (D-8, p. 3.) This is an adequate and independent ground for denial of these claims. As a result, these claims are procedurally defaulted.

### C. Cause and Prejudice Exception to Procedural Default

A procedurally defaulted claim cannot be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id.*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked

to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Petitioner argues that the failure to present all of his claims to the state district court was the fault of his post-conviction counsel. While it is true that post-conviction counsel narrowed Petitioner's claims substantially, causing the district court to address only the narrowed claims, it is also true, as discussed above, that Petitioner acquiesced to this strategy and representation. Petitioner does not have a federal constitutional right to the effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *see also Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). Consequently, any shortcomings of his counsel during the post-conviction action cannot serve as a basis for cause to excuse Petitioner's procedural default of his other federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("a petitioner cannot claim constitutionally ineffective assistance of counsel in [post-conviction] proceedings").

Upon a review of the record, the Court finds no other set of facts that would constitute cause to excuse the procedural default of his claims. As a result, the defaulted claims cannot be heard.

D. **Miscarriage of Justice (Actual Innocence) Exception to Procedural Default**

If a petitioner cannot show cause and prejudice for his procedural default, he can still bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice," which means that a

**MEMORANDUM DECISION AND ORDER- 16**

constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496. To satisfy this standard, a petitioner must make a colorable showing of factual innocence. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). If a petitioner brings forward new evidence not presented at trial which tends to show his innocence, the Court must then determine whether, "in light of the new evidence, no juror, acting reasonably, would have voted to find [the defendant] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Upon such a showing, a petitioner may proceed with his claims, provided that his claim of actual innocence is accompanied by an assertion of nonharmless constitutional error at trial. *Id.* at 316.

Here, Petitioner has made no showing that he is actually innocent. The Court has independently reviewed the record and agrees with the Idaho Court of Appeals that Petitioner's version of events is "implausible":

> Here, evidence of the two charged acts of sexual molestation was presented through testimony of S.E. and was corroborated by her mother and by DNA evidence showing Hebert to be the father of S.E.'s child. The child was born in 2001 when S.E. was still seventeen years of age. Hebert's attempt to explain away this proof of intercourse by testifying that not once, but twice, while in a drunken stupor he was raped by S.E. lacks plausibility, as does much of the remainder of his testimony.

(B-5, p. 6.)

### E. Respondent's Argument of Conclusory Nature of Petitioner's Claims

Respondent also alternatively argues that the following are subject to dismissal because the claims are merely conclusory: Claim One; that portion of Claim Three

**MEMORANDUM DECISION AND ORDER- 17**

involving the presentation of witnesses and evidence; and that portion of Claim Four raising an equal protection violation. The Court rejects this argument on the ground that pro se petitioners often have difficulty articulating their claims, and the Court has liberally construed Plaintiff's claims as understood and addressed by the state district court and the state court of appeals. However, some of these claims cannot be heard due to procedural default, as set forth above.

**F.     Conclusion**

Petitioner may proceed only on the following claims: Claim Three (1), (2), (5), (6), (7), (8) and (10) (same as Claims Four (5), (6), (7), (8), (9), (11), & (13)) (ineffective assistance of trial counsel); Claim Three (3) and (9) (same as Claims Four (12) & (14)) (ineffective assistance of trial counsel as to number of peremptory challenges and Juror Michelle Curtis only); Claim Three (4) (same as Four (16)) (as a judicial misconduct due process claim only); Claim Four (17) through (20) (ineffective assistance of appellate counsel, only as to the three subissues addressed by the Idaho Court of Appeals).

All others will be dismissed with prejudice.

**ORDER**

**IT IS ORDERED:**

1. Respondent's Motion for Partial Summary Dismissal (Dkt. 16) is GRANTED in part and DENIED in part.

2. Petitioner may proceed only on the following claims: Claim Three (1), (2), (5), (6), (7), (8) and (10) (same as Claims Four (5), (6), (7), (8), (9), (11), &

(13)) (ineffective assistance of trial counsel); Claim Three (3) and (9) (same as Claims Four (12) & (14)) (ineffective assistance of trial counsel as to number of peremptory challenges and Juror Michelle Curtis only); Claim Three (4) (same as Four (16)) (as a judicial misconduct due process claim only); Claim Four (17) through (20) (ineffective assistance of appellate counsel, only as to the three subissues addressed by the Idaho Court of Appeals). All other claims and sub-issues are dismissed.

3. Petitioner's Motions for Extension of Time to Respond to Motion for Partial Summary Dismissal (Dkts. 18 & 23) are GRANTED. Petitioner's Response (Dkt. 24) is considered timely filed.

4. Respondent shall file an answer regarding the remaining claims no later than **December 30, 2010.**

5. If Respondent asserts entitlement to summary judgment, Respondent shall file a motion for summary judgment on the remaining claims no later than **January 31, 2011.** Petitioner's Response shall be due no later than **March 4, 2011.**

DATED: **September 24, 2010**.

Honorable Larry M. Boyle
United States Magistrate Judge