# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

JAMES E. HEBERT,

                 Petitioner,

     v.

ISCI WARDEN JOHANNA SMITH,

                Respondent.

Case No. 1:09-CV-324-BLW

**ORDER**

       Petitioner filed an appeal of the United States Magistrate Judge's decision of September 24, 2010, to the United States District Court, based on lack of consent, whereupon the Clerk of Court reassigned this case to this Court. Thereafter, the Court informed the parties that the Memorandum Decision and Order of September 24, 2010 (Dkt. 27) would be deemed a Report and Recommendation, and permitted the parties to file objections within twenty (20) days after entry of this Order. Petitioner has filed a Notice of Objection (Dkt. 32), which the Court now reviews.

## PETITIONER'S NOTICE OF OBJECTION

       In the Motion for Partial Summary Dismissal at issue, Respondent argued that a number of Petitioner's claims were procedurally defaulted: Claim One; Claim Two; Claim Three, with the exception of the two sub-parts addressing investigation of defense

witnesses; and Claim Four, with the exception of the portion involving the trial judge entering the jury room.

In objection, Petitioner generally argues that he has afforded the state courts many opportunities to correct the constitutional errors in his case, but they have refused to do so. (Objection, Dkt. 32, pp. 2-4.) However, this broad statement is not enough. Rather, the federal habeas corpus statute mandates that Petitioner show each claim was properly exhausted as a federal claim through the level of the Idaho Supreme Court in the manner required by the state court system. 28 U.S.C. § 2254(b)(1).

### Claim One

Claim One is that "Petitioner was given an attorney that would not be my voice in court," in violation of the right to access the courts for the redress of grievances, a First Amendment claim. (Petition, Dkt. 3, p. 2.) Having reviewed the state court record, this Court agrees with Judge Boyle's analysis that Petitioner's pro se post-conviction application did not contain this First Amendment claim, and that this claim was not presented by Petitioner's later-appointed counsel to the state district court. (State's Lodging C-1, pp. 1-12 & 40-46.)

The issue was included in Petitioner's pro se appellate brief. (State's Lodging D-5, p. 49.) However, there is no evidence in the record that the Court of Appeals decided the First Amendment claim on the merits on appeal, because the issue was not properly presented or argued to the state district court. (State's Lodging D-8.) Before addressing

some of Petitioner's claims on the merits, the Idaho Court of Appeals stated in its opinion, as to the claims it would not address:

> Some of Hebert's assignments of error were not alleged in his original post-conviction application or in his amended post-conviction application or were not argued before the district court. *See Small v. State*, 132 Idaho 327, 332, 971 P.2d 1151, 156 (Ct. App. 1998) (refusing to address post-conviction claims on appeal that were not presented first before the district court). Therefore, we will address only Hebert's assignments of error that are legitimate, supported by argument and authority, and properly preserved for appellate review.

(D-8, p. 3.)

Claims that are not properly presented to the state district court and are rejected by the state appellate courts on adequate and independent procedural grounds are deemed procedurally defaulted on federal habeas corpus review. *Ford v. Georgia*, 498 U.S. 411, 422-24 (1991). *See Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). If the procedural bar rests on federal grounds or is intertwined with federal grounds, it is not an "independent" state ground, and a federal court may properly review the matter. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir.), *cert. denied*, 540 U.S. 938 (2003). "A state law ground is so interwoven if the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed." *Id.* at 581 (internal citations and punctuation omitted).

To be an "adequate" state ground, the procedural bar must be one that is "'clear, consistently applied, and well-established at the time of the petitioner's purported

default." *Martinez v. Klauser*, 266 F.3d at 1093-94 (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)); *see also Lee v. Kemna*, 534 U.S. 362 (2002).

The *Martinez* Court explained that when there is "an absence of prior authority supporting the [state court's] decision" and the decision appears "contrary to [state] law," such a decision does *not* rest on a "clear, consistently applied, and well-established" state procedural rule, and the procedural default may *not* be applied to bar consideration of the merits of a petitioner's claim in a federal habeas corpus action. *Id.*

A state procedural rule is not automatically "inadequate" under the adequate state ground doctrine—and therefore unenforceable on federal habeas review—because the state rule is discretionary rather than mandatory. *Beard v. Kindler*, 130 S.Ct. 612, 618 (2009); *Walker v. Martin*, 131 S.Ct. 1120, 1125 (2011). The *Walker* Court reiterated that a "rule can be 'firmly established' and 'regularly followed' . . . even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." 131 S.Ct. at 1128 (citing *Kindler*, 130 S.Ct. at 618). However, a "state ground, no doubt, may be found inadequate when 'discretion has been exercised to impose novel and unforeseeable requirements without fair or substantial support in prior state law,'" or, in other words, "in a surprising or unfair manner." *Walker*, 131 S.Ct. at 1130 (citation omitted).

In Petitioner's case, the Idaho Court of Appeals cited to *Small v. State* for the principle that the appellate courts could properly refuse to address post-conviction claims on appeal that were not presented to the district court. There is nothing in the record or in

its independent research of this issue that convinces the Court that this ground cited by the Court of Appeals is not adequate. In *Person v. State*, 210 P.3d 561 (Idaho Ct. App. 2009), the Idaho Court of Appeals described the *Small* rule as "the general rule that issues not raised below may not be considered for the first time on appeal." *Id.* at 563. *See also Row v. State*, 21 P.3d 895, 902 (Idaho 2001).[1]

The Court finds and concludes that the procedural rule barring Petitioner's claims from being heard on appeal–that they were not fully presented to the state district court, but rather presented for the first time on appeal–is both adequate and independent. As a result, the Court concludes that the First Amendment claim is procedurally defaulted.

## Claim Two

Claim Two is that Petitioner was denied due process under the Fifth Amendment (made applicable to the states through the Fourteenth Amendment) when his attorney failed to ensure that the Petitioner was bound over properly in Case No. CR-02-00383. (Petition, Dkt. 3, p. 2.)

Judge Boyle noted that this due process claim was presented in the original pro se post-conviction application. (State's Lodging C-1, p. 5.)  However, when counsel was appointed to represent Petitioner, counsel properly narrowed the claims; as a result, this

---

[1] In *Row*, the Idaho Supreme Court stated:

"The longstanding rule of this Court is that we will not consider issues that are raised for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 824 P.2d 123 (1992). The exception to this rule is that constitutional issues may be considered for the first time on appeal if such consideration is necessary for subsequent proceedings in the case. *Id.*

due process claim was not included in the stipulated pretrial order delineating which claims would be presented to the state district court. (C-1, pp. 40-46.) Because the claim was not litigated before the state district court, that court did not address the claim. (C-1, pp. 14-141.)

Nevertheless, Petitioner included the claim in his appellate brief. (D-5, p. 4.) However, because it was not properly presented to the state district court, it was among the claims the Idaho Court of Appeals refused to rule upon, under the *Small* rule. (D-8, p. 3.) There is no indication in the record that the Idaho Court of Appeals ruled on the merits of this claim. (D-8.)

Therefore, Petitioner's due process claim regarding not being bound over is procedurally defaulted and cannot be heard in this case. (Claim Two is the same as Claim Four (10), and thus Four (10) is also procedurally defaulted.)

### Claim Three

Judge Boyle found and concluded that Petitioner had properly exhausted Claims Three (1), (2), (5), (6), (7), (8) and (10); Claims Three (3) and (9) (ineffective assistance of trial counsel as to number of peremptory challenges and juror Michelle Curtis only); and Claims Three (4) (as a judicial misconduct due process claim only). Judge Boyle found that Claims Three (3) and (9) (ineffective assistance of trial counsel as challenges to any juror other than Michelle Curtis only) and Claim Three (4) (as an ineffective assistance claim) were procedurally defaulted.

As to Claims Three (3) and (9), having reviewed the record, the Court agrees with Judge Boyle's analysis on the juror claim. Petitioner did not present a claim regarding jurors other than Michelle Curtis to the state district court, and, therefore, his efforts to present an expanded claim to the Idaho Court of Appeals was met with that court's general refusal to hear all such improperly-presented claims (D-8, p. 3); the Idaho Court of Appeals treated this claim as one regarding Michelle Curtis only. (D-8, pp. 8-9.)

As to Claim Three (4), Petitioner brought up the claim that his counsel should have objected to the judge wrongfully entered the jury room during deliberations in the following filings: the stipulated issues for the district judge to consider (C-1 , p. 42), the appellate brief (D-5, p. 55) and the petition for review (D-9, pp. 17 & 20). Little or no argument accompanied the statement of the claims, supporting Judge Boyle's decision. However, the Court will liberally construe the filings as presenting the ineffective assistance claim to the Idaho Supreme Court, and will permit Petitioner to proceed on Claim Three (4) as both a judicial misconduct claim and an ineffective assistance claim. This is the only change to the Magistrate Judge's Order, and will not work a fundamental change, given that proving the ineffective assistance claim will require proof of one additional element–deficient performance.

Claims Four (12) and (14) are the same as Claims Three (3) and (9), and therefore the same result applies (Petitioner can proceed only as to the number of peremptory challenges and juror Michelle Curtis). Claim Four (16) is the same as Claim Three (4),

and Petitioner can now proceed on this claim as a due process claim and an ineffective assistance of counsel claim.

### Claim Four (15)

Claim Four (15), and the general un-numbered "equal protection and due process" claims asserted in Claim Four are the only subparts of Claim Four that are not repetitive of other claims and that were found to be procedurally defaulted by Judge Boyle. Claim Four (15) is that the trial court violated Petitioner's due process rights when the court ordered Petitioner's new counsel to proceed to trial without giving additional time for counsel to prepare for trial. This was not among the issues stipulated to and presented to the trial court; therefore, it could not have been properly presented to the state appellate courts. There is nothing in the Court of Appeals's order suggesting that this claim was addressed on the merits. (Dkt. D-8.) As a result, the Court agrees that the claim is procedurally defaulted. The Court further concludes that Claim Four's general equal protection and due process subparts are procedurally defaulted for the same reason.

### Plaintiff's Other Arguments

Petitioner also argues that a fundamental miscarriage of justice will occur if his claims are not heard. This argument was rejected on adequate grounds in the Order issued by Judge Boyle, and the Court adopts that reasoning in full. (Dkt. 27, pp. 16-17.) The record does not reflect that Petitioner is actually innocent.

Petitioner argues that Judge Boyle did not give adequate consideration to Petitioner's pro se status. That argument is not supported by the record. Judge Boyle

notes several instances where Petitioner's claims have been liberally construed in order to allow him to proceed. (See Order of September 24, 2010, pp. 11-12 & 14.) Here, the Court goes beyond Judge Boyle's extensive efforts to comb through and liberally construe Petitioner's lengthy pleadings and papers to be able to permit Petitioner to proceed on an additional portion of a subclaim.

However, notwithstanding the liberal reading of pro se filings, the Court must require pro se petitioners to meet the same procedural requirements as counseled petitioners. If Petitioner's claims are defaulted, he must show cause and prejudice, or a miscarriage of justice. Pro se status alone is enough to excuse the failure to properly bring claims in state court.

No adequate arguments or facts exist to support the application of cause and prejudice to excuse the procedural default of Petitioner's claims. Accordingly, with the one addition, the Court will adopt Judge Boyle's recommendations in full and set this case for final briefing on the remaining claims.

**ORDER- 9**

# ORDER

**IT IS ORDERED:**

1.    Petitioner's objections are OVERRULED, with the exception of Claim Three(4) (same as Claim Four(16)), which will be construed as both an ineffective assistance claim and a judicial misconduct claim. The Magistrate Judge's Opinion is ADOPTED in all other regards.

2.    Petitioner may proceed on Claim Three (1), (2), (5), (6), (7), (8) and (10) (same as Claims Four (5), (6), (7), (8), (9), (11), & (13)) (ineffective assistance of trial counsel); Claim Three (3) and (9) (same as Claims Four (12) & (14)) (ineffective assistance of trial counsel as to number of peremptory challenges and Juror Michelle Curtis only); Claim Three (4) (same as Four (16)) (as a judicial misconduct due process claim and, newly, **an ineffective assistance of counsel claim**); and Claim Four (17) through (20) (ineffective assistance of appellate counsel, only as to the three subissues addressed by the Idaho Court of Appeals).

3.    All other claims are dismissed.

4.    Respondent shall file an answer, containing a brief setting forth the factual and legal basis of grounds for dismissal and/or denial of each claim within ninety (90) days after entry of this Order. Petitioner shall file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which shall be filed and served **within thirty days** after

service of the answer. Respondent has the option of filing a sur-reply **within fourteen days** after service of the reply. At that point, the case shall be deemed ready for a final decision, and neither party shall file anything further without leave of court.

DATED: **July 18, 2011**



Honorable B. Lynn Winmill
Chief U. S. District Judge